The Honorable Richard L. Barclay State Representative P.O. Box 279 Rogers, Arkansas 72757-0279
Dear Representative Barclay:
This is in response to your request for an opinion on whether Benton County may perform the collection of voluntary taxes and remit those funds over to four private non-profit corporations. Specifically, you note that the Benton County Quorum Court enacted an ordinance whereby all Benton County tax statements indicate an amount of voluntary taxes for each of the following entities:
1. Benton County Sunshine School
2. Benton County Fair Association
3. Northwest Arkansas Community College Foundation
4. Benton County Adult Development Center.
You also note that the taxpayers may pay some, all, or none of the voluntary taxes and the amounts are not levied against the taxpayer or his property, and cannot be obtained by the seizure and sale of the taxpayer's property. You also note that the taxes are purely voluntary, "similar in nature to a donation paid by a taxpayer through the County Collector's Office as a conduit for the above entities." Ten percent of the voluntary tax funds is retained by the County Collector to pay for costs and expenses of the Assessor's office.
Finally, you note that the County treasurer deposits the voluntary taxes into separate funds of the county established for each of the above entities. On a monthly basis, the County Treasurer distributes the voluntary tax money paid by a taxpayer to any one or all of the above entities as a taxpayer has indicated. The County Treasurer retains two percent as a commission to pay for the costs and expenses of that office.
This office has previously opined that the collection of a voluntary tax by a county, for the benefit of a private non-profit corporation, in all likelihood violates Arkansas Constitution, Art. 12, § 5. See Opinion No. 91-015, a copy of which is enclosed. This conclusion is indicated by the language of Article 12, § 5, which prohibits a county from "obtain[ing] money for . . . any corporation, association, institution or individual." In my opinion, a plausible argument can be made that the county's collection of these tax dollars amounts to the "obtaining" of money for these corporations. Of course, this opinion is based upon the language of the Constitution itself, as there are currently no Arkansas appellate cases addressing whether the collection of a voluntary tax violates this provision. A definitive resolution of the question can only be obtained through the judicial process.
We should note, however, that with respect to the Northwest Arkansas Community College Foundation, this office has issued a separate opinion, No. 91-082, a copy of which is enclosed, which concludes that the issue as to that entity may be less clear.
Additionally, in Gordon v. Woodruff County, 217 Ark. 653,232 S.W.2d 832 (1950), the Arkansas Supreme Court upheld, against an Article 12, § 5 challenge, the granting of money to a county fair association to aid in the construction of buildings on county property. The facts of that case, however, were significantly distinct from those you present. The county, in that case, was actually to own the buildings constructed by the association with county money. Moreover, the soundness of that decision, which was based in part upon the fact that the money was spent for a "county purpose," may be called into question by more recent decisions of the Arkansas Supreme Court. See, e.g., City ofJacksonville, v. Venhaus, 302 Ark. 204, 788 S.W.2d 478 (1990).
It is my opinion, therefore, that the collection of voluntary taxes by a county, for the benefit of private non-profit corporations, may be subject to a colorable constitutional challenge. In the absence of a controlling opinion by the Arkansas Supreme Court, I am constrained to reach this conclusion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb